[Crim. No. 4649. Second Dist., Div. One. Aug. 9, 1951.]

THE PEOPLE, Respondent, v. JOSEPH ROSENTHAL, Appellant.

Royal M. Galvin for Appellant.

Edmund G. Brown, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

DORAN, J.—Defendant was adjudged guilty of grand theft by the court, a jury having been duly waived. Proceedings were suspended and probation granted with a year

in the county jail as one of the conditions. Defendant appeals from the judgment and from the order denying a motion for a new trial.

It is contended on appeal that the evidence does not support the conviction. It is argued in this connection that, "It is obvious that the only theory upon which the people can possibly urge that the evidence is sufficient to sustain a charge of grand theft is upon the theory that the money was obtained from Parisi by false pretenses. Nowhere in the record is there any evidence that the defendant Rosenthal represented himself as the owner of the automobile or that he had legal title to the same." It may be conceded for the sake of argument that there were no such representations in words but defendant's conduct could well have been regarded as the equivalent. The record reveals that defendant sold the same car twice. The first sale was completed and a conditional sales contract executed between the buyer and Berg the seller. On the following day Marino the purchaser "talked to the appellant on the used car lot next to that owned by Gene Berg, and told him he was dissatisfied with the car, and was going to return it to the appellant. Appellant said he would take the car and would take care of everything and would give him his money in 30 days. At this time he told the appellant he wanted his $500 down-payment back. He delivered the car to the appellant. Appellant did not say he would sell it for him, but said he would refund his money. He saw the appellant again a few days later in Bell Gardens, and appellant told him he was trying to sell the car. He saw him again about a week or 10 days after the deal, this time in Compton, and this time appellant said he had a deal going through with the car. Marino never received back his $520, nor did he ever receive back the Buick." A week or so later defendant sold the same car to one Parisi for $1,285 cash. The whole transaction, as the evidence clearly reveals, was fraudulent. It would serve no purpose to recite the details.

The evidence is sufficient to support the conclusion reached by the trial court. The order denying the motion for a new trial is affirmed. Inasmuch as this is no judgment, the purported appeal from the judgment is dismissed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied August 22, 1951.